### GINSBERG v. SHURMAN et al.

(Supreme Court, Appellate Term.   April 8, 1911.)

BILLS AND NOTES (§ 497*)—ACTION BY ASSIGNEE—SHOWING FRAUDULENT NE-
GOTIATION.

The maker, sued on a note by the assignee thereof, may, without first
showing that plaintiff was not a holder for value, show that it was
negotiated in violation of the agreement, under which it was given the
payee, that it should be held till a certain thing was done, and if such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thing was not done should be returned; such negotiation amounting to a fraud on the maker, which appearing, the presumption of the holder being one for value ceases, requiring him to show affirmatively his good faith.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1687; Dec. Dig. § 497.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Beta Ginsberg against Clifford N. Shurman and others. From a judgment for plaintiff, certain defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Harry B. Mintz, for appellants.

Strauss & Singer (Jerome A. Strauss, of counsel), for respondent.

LEHMAN, J. The plaintiff is the holder of a note made by the defendant Shurman. The answer alleges as an affirmative defense that the payee agreed with the maker of the note that, if the From'a Realty Company did not take title to certain premises, the note was to be returned to the maker, and the payee agreed to hold the note until the time of taking title, and to return it if title was not passed; and it further alleges that at the commencement of the action title to said properties had not passed.

At the trial the plaintiff introduced the note in evidence and rested. The defendant then offered in evidence the written agreement made by the payee of the note, and endeavored to prove his defense. The trial justice excluded this evidence on the ground that the defendant must first show that plaintiff was not a holder for value. The exclusion of this evidence was erroneous. The defendant should have been permitted to show that the note was negotiated in violation of the agreement under which it was given. Such negotiation, when shown, constitutes a breach of faith, and amounts to a fraud upon the maker, and when that fact appears the presumption that the holder is a holder for value no longer applies, and the plaintiff can no longer rest upon the presumption, but must show affirmatively his good faith. German American Bank v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836, and cases therein cited.

Judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.